IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| CARMEN IVETTE RAMOS ORTIZ | : | | CIVIL ACTION |
| | : | | |
| v. | : | | |
| | : | | |
| CAROLYN   W.   COLVIN, | : | | |
| Commissioner of Social Security | : | | NO. 13-4774 |

## ORDER-MEMORANDUM

**AND NOW**, this   3rd     day of September, 2014, upon consideration of Plaintiff's Complaint requesting review of the decision of the Commissioner of the Social Security Administration (Docket No. 1), all documents filed in connection therewith, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (Docket No. 15), Plaintiff's Objections thereto, and Defendant's Reply to Plaintiff's Objections, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's Objections to the Report and Recommendation are **OVERRULED**;

2.    The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.    Plaintiff's Request for Review of the decision of the Commissioner of the Social Security Administration is **DENIED**; and

4.    **JUDGMENT** is **ENTERED** in favor of the Defendant.

On December 5, 2011, the Administrative Law Judge ("ALJ") denied Plaintiff's request for Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social Security Act.  (R. 21-30.)  The ALJ found that Plaintiff suffered from the

severe impairments of lumbar degenerative disc disease, chronic back pain, asthma, obesity, status post-gastric bypass surgery, and depression.  (R. 23.)   He determined that Plaintiff's anemia, sleep apnea, left wrist injury, and ovarian cysts were not severe.  (R. 24.)  He concluded that none of her impairments, individually or in combination, met or medically equaled one of the Commissioner's listed impairments.  (R. 24-25.)  The ALJ found that Plaintiff retained the residual functional capacity ("RFC") for unskilled sedentary work, with a sit/stand option.  (R. 25.)  Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform her prior work as a letter scanner (R. 28) or perform other work such as a final assembler.  (R. 29.)  He thus concluded that she was not disabled under the Act.

Plaintiff thereafter sought review in this Court asserting that the ALJ erred in (1) excluding from his RFC assessment the limitations in postural changes and environmental conditions identified by Drs. Ferran and Kamerar, as well as limitations based on Plaintiff's mental health impairment, asthma, abdominal pain, back pain, sleep apnea, obesity, and Plaintiff's lack of fluency in English; (2) failing to give appropriate weight to Plaintiff's treating psychiatrist, Dr. Martinez; (3) his negative credibility determination because it was not supported by substantial evidence; and (4) his reliance on VE testimony in determining the RFC.  Pursuant to Local Rule 72.1(d)(1)(C), we referred the case to Magistrate Judge Hart for a Report and Recommendation.

The Magistrate Judge recommended that, although the ALJ may have erred in failing to include Dr. Ferran's postural limitations in the RFC assessment, that error was harmless since the VE testified that, even if those limitations were included, Plaintiff's RFC would not change. (Report and Recommendation at 4 (citing R. 77).)  The Magistrate Judge likewise noted that, although the ALJ failed to include any environmental limitation as suggested by Dr. Kamerar,

that error was also harmless since no job identified as suitable for the Plaintiff required exposure to the sort of environmental hazards that this records review source identified. (Id. at 5.) The Magistrate Judge rejected Plaintiff's argument that the ALJ ignored Dr. Martinez's treating source opinion on her overall functioning, finding that Dr. Martinez — who treated Plaintiff only for mental health issues — was not in a position to evaluate her physical limitations. He also found that the ALJ was supported by substantial evidence in rejecting Dr. Martinez's mental health limitations, including a GAF score notation of 40, because they were unsupported by the contemporaneous treatment notes, which reflected little to no mental health limitation. (Report and Recommendation at 6-7 (citing R. 497, 534-8, 55-578, 628-9, 633).) Accordingly, the Magistrate Judge also found that the ALJ was supported by substantial evidence in failing to include limitations in her RFC concerning her asthma, obesity, mental impairment, back pain, abdominal pain, or sleep apnea. (Report and Recommendation at 8-10.) He also found no error in the ALJ's failing to accommodate her inability to speak fluent English, since at least some of the jobs identified as within her RFC did not require English in excess of Plaintiff's abilities. (Id. at 10.) Finally, he found no error in the ALJ's negative credibility finding since her subjective complaints of pain were not supported by objective medical evidence. (Id. at 11-12.)

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376,

379 (3d Cir. 2003), and citing Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 200 (3d Cir. 2008)).  The ALJ's legal conclusions are subject to plenary review.  Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citing Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999)).  We review de novo those portions of a Magistrate Judge's report and recommendation to which objections are made.  28 U.S.C. § 636(b)(1).  We may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  Id.

Plaintiff first objects to the Magistrate Judge's failure to find error in the ALJ's rejection of Dr. Ferran's treating source opinions on postural limitations.  As a general matter, the opinions of a social security claimant's "'treating physician are entitled to substantial and at times even controlling weight.'"  Johnson, 529 F.3d at 202 (alteration in original) (quoting Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001)).  "However, the treating source's opinion is entitled to controlling weight only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  Id. (alteration in original) (quoting Fargnoli, 247 F.3d at 43). Here, Dr. Ferran's report supported postural limitations.  However, as noted, the Magistrate Judge reasoned that the ALJ's failure to include them was harmless since the VE testified that, even if those limitations were included, Plaintiff's RFC would not change.  Nothing in Plaintiff's objection impugns this reasoning.  We thus conclude on de novo review that the ALJ did not err by disregarding this recommendation, and we overrule Plaintiff's objection to the Magistrate Judge's Report and Recommendation with respect to this issue.

On de novo review, we also overrule Plaintiff's objections to the Magistrate Judge's rejection of her claim of error concerning environmental limitations.  While the Magistrate Judge noted the ALJ's failure to include environmental limitations, he concluded the failure was

4

harmless since none of the jobs identified by the VE required exposure to environmental hazards. Plaintiff objects that the Magistrate Judge's reasoning was improper since the ALJ did not address the issue at all; thus the "precise impact of environmental conditions on the numbers of jobs would be important information to ascertain at a hearing." (Pl. Obj. at 3.) Because none of the jobs identified by the VE contained environmental limitations, Plaintiff makes no cogent argument that a hearing was necessary to determine whether environmental conditions impacted the numbers of jobs in the national economy that the ALJ determined the Plaintiff had the RFC to perform. We also note that no treating source determined that Plaintiff required environmental limitations. That aspect of the RFC evidence was only mentioned by a records review source, whose opinion was not entitled to controlling weight.

Plaintiff next objects to the Magistrate Judge's finding that the ALJ was supported by substantial evidence when he failed to give treating psychiatric opinion evidence controlling weight. As noted, the Magistrate Judge held that the ALJ was supported by substantial evidence in rejecting Dr. Martinez's mental health limitations, including a GAF score notation of 40, because they were unsupported by treatment notes, which reflected little to no mental health limitation. On de novo review, we also conclude that the ALJ was supported by substantial evidence in disregarding this treating source evidence. Dr. Martinez's opinions were not supported by contemporaneous treatment notes; indeed the limitations Dr. Martinez recommended are inconsistent with the other substantial evidence in the record. As noted by Defendant, just seven days before Dr. Martinez authored her first mental RFC opinion, she recorded in her treatment notes that Plaintiff well-groomed; exhibited cooperative behavior and attitude; her speech was normal; she had calm motor activity; her mood was depressed and her affect blunted, but she maintained good eye contact; she had coherent thought processes and had

no deficits in thought content; she was oriented as to person, place, and time; she had no perceptual disturbances, average intelligence, fair attention/concentration, average fund of knowledge, and limited insight but fair judgment.  (R. 581.)  One month later, the assessment was essentially the same.  (R. 583.)  Around the time of the second mental RFC opinion, Dr. Martinez's treatment notes show similar entries.  (R. 628-33.)  We agree with the Magistrate Judge's recommendation that, other than the low GAF scores, "the mental health records reflect a person who, despite considerable depression and anxiety, had fairly normal functioning." (Report and Recommendation at 7.)  We thus conclude on de novo review that the ALJ did not err by disregarding this treating source opinion, and we overrule Plaintiff's objection to the Magistrate Judge's Report and Recommendation with respect to this issue.

Plaintiff next objects to the Magistrate Judge's recommendation that the ALJ did not err in failing to accommodate her inability to speak fluent English.  While the Magistrate Judge reasoned that the failure was harmless since at least some of the jobs identified as within her RFC did not require language skills in excess of Plaintiff's abilities, she argues the Magistrate Judge "cannot review what is not specifically stated in the record," and faults the ALJ for not "pay[ing] attention to the precise question of what jobs are available and in what numbers."  (Pl. Obj. at 6 (citing Boone v. Barnhart, 353 F.3d 203 (3d Cir. 2003).)  On de novo review, we conclude that the ALJ was supported by substantial evidence in concluding that a substantial numbers of jobs exist in the national economy that Plaintiff has the RFC to perform.  For example, the ALJ relied on VE testimony that 2,680 final assembler jobs existed in Pennsylvania, and 283,000 final assembler jobs existed nationally.  Because the Dictionary of Occupational Titles indicates that this job requires little language skill, see http://www.occupationalinfo.org/appendxc_1.html#III (stating that such a level one job requires

only a limited vocabulary of 2,500 words, a reading rate of 95-120 words per minute, and the ability to print and speak simple sentences), and the record indicates that Plaintiff understood a "little bit" of English, used a computer configured in English, and handwrote in English a document submitted as part of her claim (R. 39, 47, 65, 280-87), we conclude on de novo review that the ALJ did not err in the RFC determination, and we overrule Plaintiff's objection to the Magistrate Judge's Report and Recommendation with respect to this issue.

Finally, we reject Plaintiff's objection that the Magistrate Judge erred in presuming "that the hypothetical questions posed at the time of the hearing adequately represents Ms. Ortiz's condition over the relevant time period." (Pl. Obj. at 7 (emphasis omitted).)  She argues that the ALJ erred in failing to consider the full impact of her limitations over the entire period beginning with her claimed onset date on the alleged ground that, as a result of the significant weight loss she experienced after her gastric bypass surgery, her limitations had lessened by the time she had her hearing before the ALJ.  On de novo review, we find this assertion is unsupported in the record.  First, the ALJ held that Plaintiff was not disabled within the meaning of the Act "from October 25, 2008 [her claimed onset date], through the date of this decision."  (R. 21, 29.) Second, we find on de novo review that nothing in the record supports the assertion that the ALJ only considered her limitations as of the date of the hearing, rather than the full record.  Rather, the RFC determination was based on the findings that her alleged postural limitation, environmental limitations, mental limitations, pain, asthma, and sleep apnea were not as disabling as she subjectively claimed, or were adequately accommodated.  (R. 25-28.)  Having determined that each of these findings was supported by substantial evidence, we overrule Plaintiff's objection to the Magistrate Judge's Report and Recommendation with respect to this issue as well.

7

For the above stated reasons, we overrule Plaintiff's objection to Magistrate Judge Hart's recommendations, we approve and adopt the Report and Recommendation, and enter judgment in favor of Defendant.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.